UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:                                    *

KH FUNDING COMPANY,                       *       Case No. 10-37371-TC
                                                  (Chapter 11)
       Debtor.                            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**APPLICATION TO EMPLOY GORDON, FEINBLATT, ROTHMAN,
HOFFBERGER AND HOLLANDER, LLC AS COUNSEL TO THE DEBTOR**

KH Funding Company (the "Debtor"), pursuant to 11 U.S.C. §§ 327(a), 328(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, hereby applies for entry of an Order authorizing the Debtor to employ Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC ("Gordon, Feinblatt"), 233 East Redwood Street, Baltimore, Maryland 21202-3332, as counsel for the Debtor effective as of December 3, 2010 (the "Petition Date"). In support of the Application, the Debtor respectfully represents:

**Background**

1.  On December 3, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. the Debtor is continuing to operate its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

2.  The Debtor is a Maryland corporation established in 1994 whose headquarters is located in Silver Spring, Maryland. The Debtor's business activities consist primarily of originating, acquiring, and servicing mortgage loans. Specifically, the Debtor originates commercial real estate mortgage loans and investment property residential mortgage loans and also purchases residential first and second mortgage loans from other lenders. These lending activities are concentrated primarily in Washington, D.C., the Maryland counties of

Anne Arundel County, Baltimore County, Frederick County, Howard County, Montgomery County, and Prince Georges County, and Baltimore City, Maryland and, to a lesser degree, Northern Virginia.

      3.      The Debtor is Securities and Exchange Commission registered company which presently is obligated to file periodic and other reports with the SEC pursuant to Section 15(d) of the Securities Exchange Act of 1934, as amended. The Debtor historically has funded its operations by raising investor capital through the private and public sale and issuance of interest-bearing debt securities. Pursuant to an Indenture dated as of August 2, 2004, as amended and supplemented to date, by and between the Debtor and Wells Fargo Bank, N.A. (the "Indenture Trustee"), the Debtor issued certain Series 3 Senior Secured Investment Debt Securities ("Series 3 Notes") and Series 4 Subordinated Unsecured Investment Debt Securities ("Series 4 Notes" and, together with the Series 3 Notes, the "Notes").[1] As of October 31, 2010, the Debtor was indebted to the holders of the Series 3 Notes and Series 4 Notes in aggregate amounts of more than $38,150,000 and $1,321,000, respectively. The Indenture Trustee asserts that the Debtor's indebtedness on Series 3 Notes is secured by a blanket security interest in all of the Debtor's tangible and intangible personal property.[2]

      4.      The Debtor's ability to meet its debt service obligations under the Indenture depends both on the income from its lending activities and its continued ability to raise

---

[1] The indenture trustee for the Series 4 Notes presently is Law Debenture Trust Company of New York.

[2] The Debtor has determined that the Indenture Trustee permitted its UCC-1 financing statement with respect to the Indenture to lapse in or about May 2010, and that the Indenture Trustee failed to file a new UCC-1 financing statement with respect to the Indenture until September 7, 2010. Accordingly, the

(continued…)

investment capital. As a result of significant delays starting in the second quarter of 2006 in obtaining orders of effectiveness from the SEC and state securities regulators in respect of its registration statement covering the public offer and sale of its Notes, the economic downturn and the collapse of the financial markets, the Debtor has been unable to generate sufficient cash to support its ongoing operations. The Debtor's operating income has declined dramatically as a result of a proliferation of defaults by its borrowers. At the same time, due to the expiration of its registration statement covering the Notes in 2006, the aforementioned delays in obtaining new orders of effectiveness for an amended registration statement, and a limited selling window in late 2008 and early 2009, the Debtor has been unable to obtain new investment capital. The confluence of these factors caused the Debtor to experience a significant cash flow shortfall, which in turn has resulted in the Debtor's default on its debt service obligations in connection with the Indenture.

## Retention of Counsel

5. The Debtor wishes to employ Gordon, Feinblatt to advise, counsel and represent the Debtor and perform all legal services necessary in this case, including, but not limited to, the following:

A. To advise management of the Debtor with respect to the powers and duties of a debtor-in-possession in the continued operation of its business and management of its property;

---

Indenture Trustee perfected its security interest in substantially all of its collateral within the 90-day period preceding the Petition Date, and such security interest is avoidable as a preferential transfer.

    B. To represent the Debtor in litigation instituted by or against the Debtor;

    C. To prepare any necessary applications, motions, notices, orders, reports, and other legal papers;

    D. To assist and provide advice with respect to the formulation, negotiation, and confirmation of a plan of reorganization and related documents;

    E. To provide advice with respect to general corporate, litigation, and business issues relating to the Debtor's case; and

    F. To perform any other legal services that are necessary or appropriate in this case.

  6. Gordon, Feinblatt has appeared before this Court in numerous proceedings and is well qualified to represent the Debtor in this case.

  7. Based upon the Verified Statement of Lawrence D. Coppel attached hereto (the "Verified Statement"), the Debtor believes that Gordon, Feinblatt has no connection with the Debtor, its creditors, or any other party in interest or their respective attorneys, except for any connections disclosed in the Verified Statement.

  8. Based upon the Verified Statement, the Debtor believes that Gordon, Feinblatt represents or holds no interest adverse to the Debtor or to the estate and that Gordon, Feinblatt is a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a). If an adverse interest should in the future arise out of facts unknown at the present time, the Debtor is informed that Gordon, Feinblatt will so inform the Court and either withdraw as counsel for the Debtor or counsel for any other person having such an adverse interest.

9. Gordon, Feinblatt has been paid a retainer for its services in the amount of $26,000. The retainer has been applied to the payment of fees and expenses for services related to the filing of this case. Any balance of the retainer will be applied to compensation allowed by the Court for services to the Debtor during the case.

10. The Debtor wishes to employ Gordon, Feinblatt under a general retainer agreement with fees based on Gordon, Feinblatt's hourly rates. All compensation will be subject to allowance by the Court under 11 U.S.C. §§ 330, 331 and Bankruptcy Rule 2016(a). The Debtor hereby requests that Gordon, Feinblatt be authorized (but not required) to file applications for compensation and reimbursement of its fees and expenses as often as every 60 days.

**Conclusion**

WHEREFORE, the Debtor prays that an Order be entered in the form filed herewith; and that the Court grant such other and further relief as may be just and necessary.

                                     KH FUNDING COMPANY

December 3, 2010                By:   /s/ Robert L. Harris
                                              Robert L. Harris, President

                                              /s/ Lawrence D. Coppel, #00180
                                              Bradley J. Swallow, #11250
                                              lcoppel@gfrlaw.com
                                              bswallow@gfrlaw.com

                                              GORDON, FEINBLATT, ROTHMAN,
                                              HOFFBERGER & HOLLANDER, LLC
                                              233 East Redwood Street
                                              Baltimore, Maryland 21202
                                              (410) 576-4000

                                              Proposed Counsel for the
                                              Debtor and Debtor in Possession

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of December, 2010, copies of the foregoing Application to Employ Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC as Counsel to the Debtor pursuant to Bankruptcy Rule 2014(a), together with the accompanying Verified Statement of Lawrence D. Coppel and proposed Order, were served by electronic and first-class mail, postage prepaid, to:

> Gerard Vetter, Esquire
> Assistant U.S. Trustee
> Office of the United States Trustee
> 6305 Ivy Lane
> Suite 600
> Greenbelt, Maryland  20770
> Gerard.R.Vetter@usdoj.com
>
> Irving C. Apar, Esquire
> Thompson Hine LLP
> 335 Madison Avenue
> 12th Floor
> New York, New York  10017
> Irving.Apar@ThompsonHine.com
>
> Curtis L. Tuggle, Esquire
> Thompson Hine LLP
> 3900 Key Center
> 127 Public Square
> Cleveland, Ohio  44114
> Curtis.Tuggle@ThompsonHine.com
>
> Tina N. Moss, Esquire
> Pryor Cashman LLP
> 7 Times Square
> New York, New York  10036
> tmoss@pryorcashman.com

and by first class mail, postage prepaid, on the parties on the attached List of Twenty Largest Unsecured Creditors

/s/ Lawrence D. Coppel

1577995.2

8