IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

(Greenbelt Division)

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| KH FUNDING CO., | ) Case No. 10-37371 (TJC) |
| Debtor. | ) |

## POST-CONFIRMATION DEBTOR'S MOTION FOR ORDER FURTHER EXTENDING THE PERIOD FOR FILING OBJECTIONS TO CLAIMS

KH Funding Co., the post-confirmation, liquidating debtor in the above-captioned case (the "Debtor"), at the direction of its Plan Administrator (as defined below) and through its undersigned counsel, hereby moves this Court (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order further extending the period within which the Debtor may file objections to claims. In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b).

**General Background**

3. On December 3, 2010 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. Through the Effective Date, as defined below, the Debtor continued in the possession of its property and continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in the Chapter 11 Case.

6. On January 20, 2011, the Office of the United States Trustee for Region 4 appointed the Official Committee of Unsecured Creditors (the "Committee").

7. On April 17, 2012, the Court entered the *Order Confirming Third Amended Joint Plan of Liquidation of KH Funding Company and the Official Committee of Unsecured Creditors* (the "Confirmation Order") [Docket No. 482], confirming the *Third Amended Joint Plan of Liquidation of KH Funding Company and the Official Committee of Unsecured Creditors* (as amended and/or modified, the "Plan") as jointly proposed by the Debtor and the Committee and overwhelmingly supported by the Debtor's creditors.

8. On May 1, 2012, the Plan became effective in accordance with its terms (the "Effective Date"). BDO Consulting ("BDO") was appointed as the initial administrator of the Plan (the "Plan Administrator"); effective July 2, 2012, Alfred T. Giuliano of Giuliano, Miller & Company, LLC, succeeded BDO as Plan Administrator. On the Effective Date, the Committee was

dissolved and an Oversight Committee was appointed with authority to review and approve certain settlements and other matters.

9. Pursuant to the Plan, the Debtor was initially required to file and serve all objections to claims by no later than one hundred twenty (120) days following the Effective Date (the "Claims Objection Deadline"), "*provided, however*, that this deadline may be extended by the Bankruptcy Court upon motion of the Plan Administrator." *See* Plan, Section 6.7. Consequently, the Claims Objection Deadline was originally August 29, 2012.

10. The Debtor has filed several previous motions requesting an extension of the Claims Objection Deadline, each of which has been granted without prejudice to the Debtors' right to seek a further extension. The current Claims Objection Deadline is December 30, 2020. *See* Docket No. 716.

11. The Debtor expects to continue to use the Chapter 11 process to complete the orderly liquidation of its remaining assets, the fixing of claims asserted against the Debtor, and the distribution to creditors pursuant to the Plan in an effort to maximize the value of its assets for the benefit of all creditors and other stakeholders.

**Relief Requested**

12. By way of this Motion, the Debtor requests the entry of an order, pursuant to the Plan and Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006(b), extending the time within which it may file objections to claims approximately six (6) months through and including June 30, 2021, and without prejudice to its right to request a further extension.

**Basis for Relief**

13. The Plan, as confirmed, specifically contemplates the extension of the Claims Objection Deadline by order of this Court. *See Plan*, Section 6.7 (providing that the Claims Objection Deadline, without limitation, "may be extended by the Bankruptcy Court upon motion of the Plan Administrator"). Consistent with Bankruptcy Rule 9006(b), the Plan does not require notice or hearing but simply the "motion" of the Plan Administrator, nor does the Plan restrict the timing of such a motion.

14. In addition, Bankruptcy Rule 9006(b) provides that the court may extend time periods, such as the Claims Objection Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(l). Furthermore, section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

15. The Debtor believes that it is prudent to seek an extension of the Claims Objection Deadline in order to protect its right to object to the claims filed in the Chapter 11 Case and the rights of all creditors to not have their claims diluted by any illegitimate claims.

16. Since the Effective Date, the Debtor has been concerned with multiple matters including but not limited to the following:

        a.       the disposition of its assets: since the Effective Date, the Debtor has sold four properties, generating net proceeds of $962,525.00, has realized upon forty loans that have been paid in full and/or compromised, generating net proceeds of $2,527,524.00, and has recovered $25,522.86 in connection with a disputed priority lien claim in the bankruptcy case of the Jin Suk Kim Trust. Most recently, the Debtor completed negotiations and documentation of a settlement with respect to the most significant of its remaining loans, recovering in excess of $450,000. In preparation for the sale described in subparagraph (f), below, the Debtor completed eleven loan modifications or restructurings totaling $1,653,921.00. In addition, the Debtor filed a motion and obtained authority to abandon four properties that it determined were without value;

        b.       the analysis and pursuit of litigation: December 3, 2012, was the two-year anniversary of the Petition Date and the deadline to commence certain suits. The Debtor filed 7 avoidance actions and 3 fraudulent conveyance actions, all of which have been resolved by settlement or judgment, including recovery of $315,000.00 in connection with certain of the larger actions, judgment in the amount of $134,717.15 against Aida Escobar (appeal of which is now resolved), and a fixed and stipulated claim as part of the settlement with Robert Harris described below. In addition, on or about September 26, 2013, the Debtor commenced suit seeking recovery in connection with a large promissory note, which matter settled for $110,000 and which amount now has been collected in full;

        c.       the management of the Debtor's claims in the Chapter 7 bankruptcy of the Debtor's former CEO, Robert Harris (Bankr. D. Md. Case No. 13-12828), including filing of a complaint objecting to Mr. Harris' discharge. This dispute has now been settled, and motion to

approve a stipulated judgment against Mr. Harris in the non-dischargeable amount of $1,088,365.33 (which amount includes the recovery sought against Mr. Harris in connection with the avoidance action noted above in subparagraph (b)) was granted;

      d.    the Chapter 11 bankruptcy case of Trigee Foundation Inc. ("Trigee") (Bankr. D. D.C. Case No. 12-624). The Debtor held undersecured second and third priority interests in excess of $2.5 million, a significant asset of the estate, undertook to prepare a competing plan of liquidation and pursued that plan almost to confirmation before Trigee obtained alternate financing and reached a settlement with the Debtor that allowed prompt receipt by the Debtor of $1,275,000.00;

      e.    discovery issues in various other, third-party, matters where the Debtor has received formal or informal discovery requests, including but not limited to requests served upon the Debtor in connection with suit by certain holders of the Debtor's Series 3 Notes against the indenture trustee with respect to those Series 3 Notes;

      f.    marketing and closing the sale of 14 loans to a single buyer, finalized in late August 2014, generating net proceeds of $1,558,804;

      g.    retiring the last remaining secured claim provided for under the Plan;

      h.    preparing for sale, marketing, and closing with respect to 30 remaining loans and judgments, including 19 consumer loans and 11 commercial loans, which include some first priority but mostly less-desirable second priority and unsecured loans. The Debtor solicited buyers, executed confidentiality agreements, and circulated bid procedures and a proposed asset purchase agreement. Bids were due February 15, 2018, the Debtor obtained buyers for three loans, and proceeds of $97,722.00 were generated; and

    i.  reviewing secured, administrative, and priority claims for those warranting objection, which resulted in an omnibus objection to certain secured claims filed on April 27, 2018. That objection was granted by an order entered on June 26, 2018, and the Debtor believes its review of, and objections to, administrative, priority, and secured claims is now complete, with no further such claims to be subject to objection.

  17.  Remaining matters for disposition include:

    a.  Disposition of approximately 27 remaining loans and judgments, which include some first priority but mostly less-desirable second priority and unsecured loans. The Debtor has continued to seek buyers with respect to the remaining loans and judgments, and may be able to close a transaction in early 2021. However, the value of these assets is uncertain and, ultimately, abandonment may be warranted in order to avoid further delay in completing the Chapter 11 Case; and

    b.  prosecution of certain objections to unsecured claims. Insofar as the asset pool available for unsecured creditors is now largely fixed, the Debtor has review unsecured claim and identified certain that it believes warrant objection. The final identification of those claims is underway, and the Debtor expects to be able to file an omnibus objection(s) to certain unsecured claims in January 2021.

  18.  While preoccupied with the foregoing and other activities, the Debtor has worked diligently to review, analyze and, to the extent practical, resolve the claims filed in the Chapter 11 Case, but it requires additional time to complete analysis and any possible resolutions. Notably, as above, the Debtor has completed review of secured, administrative, and priority claims

7

and objected to the claims in those priorities that are disputed. In addition, the Debtor has identified certain disputed unsecured claims and is preparing to file objection(s) to those claims. Final resolution of those remaining disputed unsecured claims should allow the Debtor to pursue distribution and closing in the first or second quarter of 2021.

19. The Debtor submits that its request to extend the Claims Objection Deadline is reasonable and practical in light of the present posture of the Chapter 11 Case. The requested extension of time will provide the Debtor, the Plan Administrator, and their advisors the opportunity to complete unsecured claims analysis, object to those claims that are factually and legally unsupportable where and as necessary, and, where possible, negotiate the resolution of certain outstanding claims thereby avoiding the necessity of filing numerous objections in order to preserve the Debtor's rights. As such, an extension serves to conserve judicial resources and minimize the burden on the Court that would accompany unnecessary claims litigation, minimize the related expenses that would otherwise be incurred by the post-confirmation estate with respect to those claims that may be consensually resolved, and preserve assets of the post-confirmation estate by ensuring that claims that should be subject to objection are objected to so as not to result in unwarranted distributions on such claims. Accordingly, the Debtor respectfully submits that the relief sought is in the best interest of the Debtor, its estate, and its creditors.

**Local Rule 9013-2 Statement**

20. In satisfaction of Rule 9013-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland, the Debtor represents that no memorandum will be filed with this Motion and that the Debtor relies solely upon this Motion for the relief sought herein.

**Notice**

21.    Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) Wells Fargo Bank in its capacity as Indenture Trustee for the Series 3 Note Holders; and (iii) Law Debenture Company in its capacity as Indenture Trustee for the Series 4 Note Holders. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

22.    No previous request for the particular relief set forth herein has been made to this or any other Court.

[remainder of page intentionally left blank]

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) extending the Claims Objection Deadline through and including June 30, 2021; (b) granting such order without prejudice to the Debtor's right to seek further extensions of the Claims Objection Deadline; and (c) granting such other relief as the Court deems just and proper.

Dated: December 29, 2020

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (Bar No. 4142)
Michael R. Seidl (Bar No. 3889)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:   bsandler@pszjlaw.com
          mseidl@pszjlaw.com

and

BARNES & THORNBURG LLP

*/s/ James E. Van Horn*
James E. Van Horn (Bar No. 29210)
Barnes & Thornburg LLP
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
E-mail: jvanhorn@btlaw.com

Counsel to the Post-Confirmation Debtor

**Certificate of Service**

I HEREBY CERTIFY that on December 29, 2020, a copy of the foregoing Post-Confirmation Debtor's Motion for Order Further Extending the Period for Filing Objections to Claims was served via ECF, electronic mail, or first-class mail, postage prepaid, to the following parties:

Office of the US Trustee
Jeanne M. Crouse
6305 Ivy Lane, Ste. 600
Greenbelt, MD 20770

Curtis Tuggle
Thompson Hine. LLP
3900 Key Center
127 Public Square
Cleveland. OH 44114

Eric Heyer
Thompson Hine, LLP
1920 N. Street. N.W., Ste. 800
Washington, DC 20036

Patrick Sibley
Pryor Cashman, LLP
7 Times Square
New York. NY 10036-6569

Todd D. Ross
Womble Carlyle Sandridge & Rice, PLLC
1200 Nineteenth N.W., Ste. 500
Washington, DC 20036

Investment & Insurance Services
Attn.: Laurie A. Braulick
President
One South Minnesota Street
P.O. Box 62
New Ulm, MN 56073

                                                                                                 /s/ James E. Van Horn