IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KH FUNDING CO., | ) | Case No. 10-37371 (TJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**POST-CONFIRMATION DEBTOR'S SECOND OMNIBUS OBJECTION
TO CERTAIN (A) DUPLICATE CLAIM, (B) INTERESTS,
(C) SATISFIED CLAIMS, (D) NO LIABILITY CLAIM, AND (E) REDUCED CLAIM**

**Claimants receiving this Objection should locate their name(s) and claim number(s) on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E attached to the Proposed Order attached hereto. The grounds for this Objection are set forth herein and in Exhibits A, B, C, D, and E.**

**On or before May 24, 2021, which date is thirty (30) days after the date of service of this Objection, you may file and serve a memorandum in opposition, together with any documents and other evidence you wish to attach in support of your claim or interest, unless you wish to rely solely on any proof of claim or proof of interest that you filed in this case. You may request a hearing that may be held at the Court's discretion. You must timely file any response to this Objection with the Clerk of the United States Bankruptcy Court, Federal Courthouse, 6500 Cherrywood Lane, Suite 300, Greenbelt, Maryland 20770, and timely serve a copy on the undersigned counsel for the Debtor.**

KH Funding Co., the post-confirmation debtor in the above-captioned case (the "Debtor"), at the direction of its Plan Administrator (as defined below) and through its undersigned counsel, and pursuant to section 502(b) of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1, hereby objects (the

1

"Objection") to the duplicate claim listed on Exhibit A (the "Duplicate Claim"), to the claims that are actually interests listed on Exhibit B (the "Interests"), to the satisfied claims shown on Exhibit C (the "Satisfied Claims"), to the no liability claim shown on Exhibit D (the "No Liability Claim"), and to the claim to be reduced shown on Exhibit E (the "Reduced Claim"), respectively, to the Proposed Order filed herewith. In support of this Objection, the Debtor relies upon and incorporates by reference the Declaration of Eric Zoellner (the "Zoellner Declaration"), filed herewith. In further support of this Objection, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Section 502(b) of the Bankruptcy Code. The relief is also warranted under Bankruptcy Rule 3007 and Local Rule 3007-1.

### Relevant Facts

**A.      General Background**

3. On December 3, 2010 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2

4. Through the Effective Date, as defined below, the Debtor continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in the Chapter 11 Case.

6. On January 20, 2011, the Office of the United States Trustee for Region 4 appointed the Official Committee of Unsecured Creditors (the "Committee").

7. On April 17, 2012, the Court entered the *Order Confirming Third Amended Joint Plan of Liquidation of KH Funding Company and the Official Committee of Unsecured Creditors* (the "Confirmation Order") [Docket No. 482], confirming the *Third Amended Joint Plan of Liquidation of KH Funding Company and the Official Committee of Unsecured Creditors* (as amended and/or modified, the "Plan") as jointly proposed by the Debtor and the Committee and overwhelmingly supported by the Debtor's creditors.

8. On May 1, 2012, the Plan became effective in accordance with its terms (the "Effective Date"). BDO Consulting ("BDO") was appointed as the initial administrator of the Plan (the "Plan Administrator"); effective July 2, 2012, Alfred T. Giuliano of Giuliano, Miller & Company, LLC, succeeded BDO as Plan Administrator. On the Effective Date, the Committee was dissolved and an Oversight Committee was appointed with authority to review and approve certain settlements and other matters.

9. The Debtor has substantially completed administration of the Chapter 11 Case and has previously objected to secured, administrative, and priority claims. The Debtor

now brings what it believes is its final claims objection, to certain general unsecured claims, as a prelude to a case-closing motion and distribution.

**B.**     **Claims Reconciliation Process**

10. On December 3, 2010, the Bankruptcy Court entered a notice fixing the bar date for filing proofs of claim (the "Bar Date Notice") [Docket No. 10]. Pursuant to the Bar Date Notice, all entities, other than governmental units, were required to file proofs of claim no later than April 4, 2011 (the "General Bar Date"), and all governmental units were required to file proofs of claim no later than June 1, 2011 (the "Governmental Bar Date"). The Bar Date Notice was mailed to all known potential creditors and all known equity holders.

11. Claims filed in response to the General Bar Date and Governmental Bar Date (collectively, the "Proofs of Claim") are recorded on the Claims Register. To date, more than 150 Proofs of Claims have been docketed in the Chapter 11 Case.

12. In the ordinary course of business, the Debtor maintained books and records that reflect, among other things, the Debtor's liabilities and the amounts owed to its creditors for claims that arose prior to the Petition Date (the "Books and Records"). The Plan Administrator has in his possession the Books and Records, and the Plan Administrator and his advisors have reviewed the Proofs of Claim filed in the Chapter 11 Case that are the subject of this Objection, including supporting documentation, if any, and have compared the asserted claims against the Books and Records to determine their validity.

4

13. Based upon this review and analysis, the Plan Administrator has made a determination that certain claims should be objected to on the grounds set forth below.

## Relief Requested

14. By this Objection, the Debtor objects to the claims set forth in Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E attached to the Proposed Order and, for the reasons described below and on the Exhibits, seeks entry of the Proposed Order, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, (a) disallowing the proofs of claim shown on Exhibit A, Exhibit B, Exhibit C, and Exhibit D and (b) reducing the proof of claim shown on Exhibit E.

## Basis for Relief

15. A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. 11 U.S.C. §§ 704(a)(5), 1106(a)(1), and 1107(a); *see also In re Int'l Yacht & Tennis, Inc.*, 922 F.2d 659, 661-62 (11th Cir. 1991). Pursuant to section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) states in relevant part that:

> [T]he court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (1) such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

U.S.C. § 502(b). Moreover, if an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. *See In re Herron*, 381 B.R. 184, 189 (Bankr. D. Md. 2008); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992); *In re Fidelity Mortgage Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).

16. The Debtor, with the assistance of its advisors, has conducted a review of the proofs of claim filed in the Chapter 11 Case to determine the validity of such claims. The Debtor and its advisors also compared the claims with their Books and Records to determine the validity of the asserted claims. For the reasons set forth in more detail below and in the attached Exhibits, the Debtor has determined that the claims identified on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E to the Proposed Order attached hereto are objectionable.

### A.   Duplicate Claim

17. The Debtor has identified the proof of claim, listed on Exhibit A to the Proposed Order, that constitutes a Duplicate Claim. The Duplicate Claim is a functional, substantive duplicate that asserts the same liability by another claimant. Insofar as the claimants are, collectively, entitled to only one satisfaction of the shared claim, failure to disallow the Duplicate Claim would result in double recoveries to the claimants. The remaining claim is subject to further objection as shown on Exhibit E. Accordingly, the Debtor requests that the Duplicate Claim identified on Exhibit A to the Proposed Order be disallowed in its entirety.

### B.   Interests

18. The Debtor has identified the proofs of claim, listed on Exhibit B to the Proposed Order, that constitute Interests. The Interests purport to assert liability as general

unsecured claims but are actually claims related to stock/equity interests in the Debtor. Insofar as Interests, classified as Class 10 Equity Interests under the Plan, are entitled to no recovery under the Plan, the Interests should be disallowed. Accordingly, the Debtor requests that the Interests identified on Exhibit B to the Proposed Order be disallowed in their entirety.

### C. Satisfied Claims

19. The Debtor has identified the proofs of claim and certain scheduled claims, listed on Exhibit C to the Proposed Order, that constitute Satisfied Claims. The Satisfied Claims constitute otherwise valid claims against the Debtor that have previously been satisfied by payment, settlement, or setoff, as described more fully on Exhibit C. Accordingly, the Debtor requests that the Satisfied Claims identified on Exhibit C to the Proposed Order be disallowed in their entirety.

### D. No Liability Claim

20. The Debtor has identified the proof of claim, listed on Exhibit D to the Proposed Order, that constitutes a No Liability Claim. This is a claim that asserts a liability that is not reflected in the Debtor's books and records. The claim asserts compensatory and punitive damages claims in connection with complaint filed on October 31, 2008, *Samar Ghadry v. KH Funding Company, et al.*, Case No. 303377 in the Circuit Court for Montgomery County, Maryland. That matter was dismissed for want of prosecution on December 15, 2015, and has not been reopened. Accordingly, the Debtor requests that the No Liability Claim identified on Exhibit D to the Proposed Order be disallowed in its entirety.

DOCS_DE:233892.1 14953/003

### E. Reduced Claim

21. The Debtor has identified that proof of claim, listed on Exhibit E to the Proposed Order, that constitutes an overstated claim. This claim asserts an incorrect amount according to the Debtor's Books and Records insofar as the claimant received payments from other parties and from KH that are not accounted for in the claim. In addition, the Debtor has reviewed the Reduced Claim and all supporting information and documentation provided therewith, has made reasonable efforts to research each such claim in the Debtor's Books and Records, and finds no basis for the amount asserted in the Reduced Claim. For this reason as well as any supplemental explanation shown in the "Reason for Reduction" column on Exhibit E to the Proposed Order, the Debtor has determined that the Reduced Claim should be reduced as shown on Exhibit E to the Proposed Order. Accordingly, the Debtor requests that the Reduced Claim identified on Exhibit E to the Proposed Order be reduced as shown on Exhibit E to the Proposed Order.

### Waiver of Memorandum of Points and Authorities

22. Pursuant to Local Bankruptcy Rule 9013-2, the Debtor states that, in lieu of submitting a memorandum in support of this Objection, it will rely solely upon the grounds and authorities set forth herein.

### Reservation of Rights

23. The Debtor reserves the right to supplement this Objection and to object to any of the claims that are the subject of this Objection on any grounds not stated herein. The

Debtor also reserves the right to object to all other claims filed in the Chapter 11 Case on any basis as determined by the Debtor.

### Procedure for Responding to this Objection

24. WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THIS OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION TO THIS OBJECTION, TOGETHER WITH ANY DOCUMENTS AND OTHER SUPPORTING EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY ON THE PROOF OF CLAIM.

25. ANY INTERESTED PARTY MAY REQUEST A HEARING ON THE OBJECTION THAT WILL BE HELD AT THE COURT'S DISCRETION.

### Notice

26. Pursuant to Bankruptcy Rules 3007, 5005, and 7004 and Local Rule 3007-1, the Debtor is serving a copy of this Objection upon: (i) each claimant affected by the Objection at the address shown on the proof of claim (care of the individual, if applicable); (ii) counsel for each claimant affected by the Objection (if applicable); and (iii) the United States Trustee. The Debtor submits that no other or further notice is necessary or required.

[remainder of page intentionally left blank]

WHEREFORE, the Debtor respectfully requests that the Court: (i) sustain this Objection; (ii) enter the proposed Order accompanying this Objection; and (iii) grant the Debtor such other and further relief as the Court deems just and proper.

Dated: April 23, 2021

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (Bar No. 4142)
Michael R. Seidl (Bar No. 3889)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  bsandler@pszjlaw.com
         mseidl@pszjlaw.com

and

BARNES & THORNBURG LLP

 /s/ James E. Van Horn
James E. Van Horn (Bar No. 29210)
Barnes & Thornburg LLP
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20006-4623
Telephone: 202-371-6351
Facsimile: 202-289-1330
E-mail: jvanhorn@btlaw.com

Counsel to the Post-Confirmation Debtor